UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re: Juan G. Martinez                     Case No: 17-11559
                                            Chapter 13

_____Debtor_____/

MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN
ON REAL PROPERTY

IMPORTANT NOTICE TO CREDITORS:
THIS IS A MOTION TO VALUE YOUR COLLATERAL

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)]**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value real property securing the claim of   Esteban and Miriam Calvo   (the "Lender"). Lender holds a mortgage recorded at OR Book  20747  Page 3205  in the official records of  Miami-Dade   County, Florida.

2. The real property is located at  8270 SW 27 Lane,  Miami, FL 33155  , and is more particularly described as follows:

    Lot 8 Block 8 of CORAL WAY VILLAGE, as recorded in

    Plat Book 53 Page 88 of the Public Records of Miami-Dade County Florida

3. At the time of the filing of this case, the value of the real property is $ <u>349,261</u> as determined by <u>    Zillow                              </u>.

4. <u>     Chase                                              </u> holds a lien on the real property, senior to priority to Lender, securing claims in the aggregate amount of $<u> 85,000                                          </u>.

5. In accordance with §1325(a) of the bankruptcy code, the Debtor seeks to modify the current 12% interest rate to the prevailing market rate of 3.5% because the Lender's mortgage will mature in November 2017 which is during the life of the Debtor's proposed 5-year plan.

6. U.S. Bankruptcy Code, 11 U.S.C. §1322(c)(2), states, "Notwithstanding subsection (b)(2) and applicable non-bankruptcy law, in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title."

7. Numerous courts, including the United States Court of Appeals for the Eleventh Circuit, have found that § 1322(c) allows debtors to modify mortgages which mature prior to the final Chapter 13 plan payment. *See In Re Paschen* 296 F. 3d 1203 (11th Cir. 2002)*; See also In Re Lobue* 189 B.R. 216 (Bankr. S.D. Fla. 1995).

8. The amount owed to the Lender at the time of the filing of this petition was $15,728.30 per the Lender's Proof of Claim 1-1. The Debtor proposes to pay the $12,142.28 in full during the life of the Chapter 13 plan. The Debtor proposes to pay off the regular ongoing monthly payment at a modified interest rate of 3.5% (the prime rate) in monthly installments. The Debtor's treatment of this secured claim is incorporated in his Chapter 13 plan, as may be amended

9. The undersigned reviewed the docket and claims register and states (select only one):

    ☐ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

Or

|   |   |   |
|---|---|---|
|   | __X__ | Lender filed a proof of claim in this case. It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim. |

10. The subject real property may not be sold or refinanced without proper notice and further order of the court.

   **WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the secured status of the Lender's lien as stated above and (b) determining that any timely filed proof of claim is classified as stated above.

**NOTICE IS HEREBY GIVEN THAT:**

1. In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

Submitted By:

Carolina A. Lombardi
Florida Bar No. 241970
Legal Services of Greater Miami, Inc.
4343 West Flagler Street Suite 100
Miami, FL 33134
Telephone and Facsimile: (305) 438-2427
Email: CLombardi@legalservicesmiami.org
Alt: MCabrera@legalservicesmiami.org