*Tagged Opinion*



**ORDERED in the Southern District of Florida on July 25, 2017.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                          Case No. 17-11559

JUAN G. MARTINEZ                                    Chapter 13

       Debtor.
_____/

**ORDER DENYING MOTION TO VALUE AND DETERMINE SECURED STATUS OF
<u>LIEN ON REAL PROPERTY</u>**

      This matter came before me upon the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property (the "Motion to Value") (ECF #38). At issue is whether a debtor must use a motion to value to modify the interest rate on a debt coming due during the pendency of a bankruptcy notwithstanding that the debtor is not seeking to adjust the amount of the secured claim. I hold that it is procedurally improper to use a motion to value when the value of the collateral is not an issue even if the debtor seeks to modify the interest rate on a debt coming due during the pendency of a bankruptcy.

1

**FACTS**

The Debtor filed his bankruptcy petition on February 8, 2017. The Debtor's principal residence is located at 8270 S.W. 27 Lane, Miami, Florida 33135 (the "Property").[1] Esteban Calvo and Miriam Calvo have a security interest in the Property by virtue of a note and recorded mortgage (ECF #47 ¶1). The Debtor is the only remaining maker of the note and the only surviving original mortgagor.[2] The Calvos filed a proof of claim for a secured claim in the amount of $15,728.30 (Claim #1-1).

The note, by its terms, will mature prior to the final payment due under the Debtor's Amended Plan. In his Amended Plan, the Debtor is proposing to pay the entire principal due, but at a reduced interest rate of 3.75%[3] (ECF #49). The Debtor also filed an Objection to Claim (ECF #32)[4] objecting to the Calvos' proof of claim on the basis that the interest from February 1, 2014, to February 8, 2017, was incorrectly calculated, the amount of attorney's fees claimed is unreasonable, and asking that, because the note matures during the life of the plan, the interest rate should be decreased to 3.75%.

Apparently at the Trustee's direction, the Debtor filed the Motion to Value. Esteban Calvo and Miriam Calvo's Amended Objection to Motion to Value (the "Objection") (ECF #48) was filed in response. The Calvos first argue that the Debtor may not strip off or strip down a lien if the Debtor is not the sole owner of the Property encumbered by the lien. The Calvos further argue

---

[1] Lot 8, Block 8 of CORAL WAY VILLAGE, as recorded in Plat Book 53 Page 88 of the Public Records of Miami-Dade County Florida.
[2] The note was executed by the Debtor and Juan De La Cruz, the Debtor's father (ECF #47 n. 1) both of whom were the owners of the Property as tenants in common. The mortgage was executed by the Debtor, Juan De La Cruz, and Maria J. Martinez (ECF #47 n. 1). However, both Juan De La Cruz and Maria J. Martinez are deceased (ECF #47 n. 2). It is not clear whether someone besides the Debtor might have an interest in the Property through the estate of Juan de La Cruz. There is not, apparently, a record of a probate estate for Juan de la Cruz.
[3] The Debtor claims that the market rate is 3.75%.
[4] The Calvos filed a Response to Debtor's Objection to Claim of Esteban Calvo and Miriam Calvo which simply stated the Creditors respond to the Objection to Claim "by reaffirming the claim [#1] as filed and requesting that Debtor's objection be overruled."

2

that even if the Debtor could strip down the lien, that the Debtor's proposed interest rate of 3.75% is not the appropriate rate and that the court should use the formula approach dictated in *Till v. SCS Credit Corp.,* 541 U.S. 465 (2004).

As the Debtor points out in his Response to Creditor Calvo's (*sic*) Objection to Motion to Value (the "Response") (ECF #49) the Debtor is not stripping the lien or seeking to value the Property in any way. Thus, I will not address any arguments relating to whether and under what circumstances collateral may be valued when less than all the owners are debtors in a bankruptcy case.

**DISCUSSION**

The purpose of a motion to value is to determine the value of a specific piece of property that secures a claim in order to set the amount of the secured claim. In chapter 13 cases involving a debtor's residence, motions to value are usually filed to "strip off" or " strip down" secondary liens.[5] Here, using a Motion to Value is improper because the Debtor is not attempting to value the Property or to strip down or strip off the lien of the mortgage.[6] The Debtor is only attempting to modify the interest rate and to finish paying the loan over the course of the Amended Plan.

I will now turn to the Debtor's proposed reduction of the note's interest rate. 11 U.S.C. §1322(c)(2) states:

> in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

---

[5] The statutory basis for lien stripping in chapter 13 is 11 U.S.C. §506 and §1322(b).
[6] I note that in *In re Kulik*, 2017 WL 1032500 (Bankr. S.D. Fla. 2017), Judge Cristol granted a debtor's motion to value where the debtor sought to extend the final payment of a residential mortgage on the debtor's primary residence during the five year plan and modify the mortgage's interest rate. While I find that allowing the debtor to extend the payments over the course of the plan and to modify the interest rate is the correct outcome, I do not agree that the motion to value was the appropriate vehicle to determine this issue.

11 U.S.C. §1322(c)(2). Claim is broadly defined under the Bankruptcy Code. The term "claim" means:

(A) Right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
(B) Right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. §105(5).

Here the claim is based on the note signed on October 15, 2002, by the Debtor and his now deceased father, Juan De La Cruz Martinez.[7] The parties agree that this is an allowed secured claim, although the parties disagree as to the interest rate and amount of the claim. The note states that the Debtor and his father are "jointly and severally liable" for repayment. Now that the Debtor's father has passed away, the Debtor is the only remaining party to the note. The note matures on November 1, 2017, which is well within the 60 month payment period that the Debtor proposed in the Amended Plan. Consequently, the Debtor may modify the terms of the note, a concept that the Calvos don't appear to dispute. *See In re Kulik*, 2017 WL 1032500 (Bankr. S.D. Fla. 2017) (allowing debtor to modify interest rate after determining interest rate under *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004)); *In re Lobue*, 189 B.R. 226 (Bankr. S.D. Fla. 1995) (allowing debtor to finish paying loan over course of chapter 13 plan).

**CONCLUSION**

The Motion to Value is unnecessary. The Debtor is not attempting to value the Property, nor is the Debtor attempting to strip down a lien. Instead the Debtor simply wants to modify the note's interest rate to 3.75% and finish paying the obligation over the life of a 60 month plan

---

[7] Of course, the Calvos' claim includes the claim arising out of the mortgage, irrespective of the note, *see Johnson v. Home State Bank*, 501 U.S. 78 (1991)(a debtor was able to "treat" the bank's claim in a chapter 13 case even though the debtor's personality liability under the note had been discharged in a prior chapter 7 proceeding).

pursuant to 11 U.S.C. §1332(c)(2). Because the Calvos object to the interest rate reduction and because there are disputes regarding the amount of the secured claim, I must conduct an evidentiary hearing.

It is ORDERED as follows:

1. The Motion to Value is DENIED.

2. A separate evidentiary hearing will be set to deal with the interest rate and any other remaining issues pertaining to the claim. The parties are directed to contact my courtroom deputy for an evidentiary hearing date.

3. I further request that the Chapter 13 Trustee stop requiring debtors to file unnecessary motions to value. A great deal of time was spent by all parties to address issues irrelevant to the dispute before me.

###

Copies furnished to:
Stuart M. Gold, Esq.

*Attorney Gold directed to mail a copy of this Order to all interested parties and file a Certificate of Service with the Clerk of the Bankruptcy Court.*

5